UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MELISSA FRANTZEN, COLLEEN
FRANTZEN ZAMIELLIO, and on behalf
of JULIAN FRANTZEN,

                Plaintiffs,

  -against-                                         05-CV-1026
                                                     (LEK/RFT)

ZACKARY SLATER; KENNETH CRENNA,
Public Defender, both in his personal capacity
and in his official capacity as Public Defender
of Melissa Frantzen, mother of Julian Frantzen,
the Infant Minor; DENNIS VETRANO, Court
Appointed Legal Guardian of Julian Frantzen,
both in his personal capacity and in his official
capacity as court appointed legal guardian of the
Infant Minor; MS. MELINDA VICK, both in her
personal capacity and as CPS worker for Columbia
County Dept. of Social Services; THE COLUMBIA
COUNTY DEPT. OF SOCIAL SERVICES;
BRIANNA CONTE in her personal capacity and
in her capacity as a counselor for Twin County
Recovery Systems, Inc.; TWIN COUNTY
RECOVERY SYSTEMS, INC.; JUDGE
JONATHAN D. NICHOLS, both in His personal
capacity and as the Judge presiding in Family Court
in Columbia County,

                Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    Background**

      On August 15, 2005, Plaintiffs Melissa Frantzen ("Frantzen") and Colleen Frantzen

Zamiellio ("Zamiellio") (collectively, "Plaintiffs") filed a complaint and an "Ex Parte Emergency

Motion for a Temporary Restraining Order or Other Discretionary Relief" pursuant to 42 U.S.C. §

1983.  Plaintiffs allege that the circumstances surrounding the placement of Frantzen's infant son Julian Frantzen ("Julian") in foster care, and then with his father, Defendant Zackary Slater ("Slater"), violated various constitutional rights of Plaintiffs and Julian.  Specifically, Plaintiffs contend that all Defendants, individually and in concert with each other, wrongfully and unlawfully removed Julian from Plaintiffs' custody in violation of their First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights.  Plaintiffs also claim a violation of the Americans with Disabilities Act.  Plaintiffs seek injunctive relief (namely, the return of Julian to their custody) and monetary damages.[1]

**II.     Discussion**

"[I]n our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction." United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); see FED. R. CIV. P. 12(h)(3).  Dismissal is mandatory when jurisdiction is lacking.  FED. R. CIV. P. 12(h)(3).  Therefore, before a court can proceed to the merits of a case, it must first be certain of its power to do so.

Pursuant to the Rooker-Feldman doctrine, "inferior federal courts lack subject matter jurisdiction 'over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the [United States] Supreme Court.'" Formanek v. Pines, 69 Fed. Appx. 504, 506 (2d Cir. 2003); see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  This is

---

[1] For a complete statement of the claims, reference is made to the complaint.

so even if the federal challenges allege that the state court actions are unconstitutional.[2] Conway v. Garvey, No. 03 Civ. 7958(DC), 2003 WL 22510384, at *4 (S.D.N.Y. Nov. 5, 2003), *aff'd* 117 Fed. Appx. 792 (2d Cir. 2004). Claims made in federal court are barred by the Rooker-Feldman doctrine if such claims are "inextricably intertwined" with a state court's determination. Formanek, 69 Fed. Appx. at 506. "[I]f adjudication of a claim in federal court would require the court to determine that a state court judgment was erroneously entered or was void, the claim is inextricably intertwined with the merits of the state court judgment." Kropelnicki v. Siegel, 290 F.3d 118, 129 (2d Cir. 2002).

Even when viewed with the liberality afforded to *pro se* litigants, there are no claims in the complaint over which this Court has jurisdiction. Each of the claims made by Plaintiffs clearly challenge the validity of the decisions of the Family Court to place Julian first in foster care, and then with Slater. Plaintiffs present various reasons to persuade this Court that Slater is unfit to care for Julian, but determining the best interests of a child is not the province of this Court. Further, Plaintiffs' claims that the procedures utilized in the placement of Julian in foster care and with Slater were unconstitutional are likewise inextricably intertwined with the decisions of the Family Court. Formarek, 69 Fed. Appx. at 506. The adjudication of those claims would require this Court to determine whether judgments of the Family Court were properly entered.

Because this Court lacks subject matter jurisdiction, the complaint must be dismissed. Although generally courts will permit a *pro se* plaintiff the opportunity to file an amended complaint after a *sua sponte* dismissal, there is no need to do so here, "as plaintiff presents no arguably

---

[2] The only exception, which is not applicable here, is a habeas corpus petition pursuant to 28 U.S.C. § 2254.

meritorious issue." Conway, 2003 WL 22510384, at *4. The Court sympathizes with Plaintiffs' emotional distress over the loss of custody of Julian, and understands their desire to have him returned. However, the proper forum for these claims is the New York State court system and then, if still unsatisfied, the United States Supreme Court.

### III.   Conclusion

Based on the foregoing discussion, it is hereby

ORDERED, that Plaintiffs' "Ex Parte Emergency Motion for a Temporary Restraining Order or Other Discretionary Relief" is **DENIED**; and it is further

ORDERED, that Plaintiffs' complaint be **DISMISSED**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

DATED: August 16, 2005
       Albany, New York

                                                             _____
                                                             Lawrence E. Kahn
                                                             U.S. District Judge